UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROLLS-ROYCE MARINE (HELLAS) S.A.,

                  Plaintiff,

  - against -

CORINTHIAN MARITIME S.A., and
NAUTILUS GLORY NAVIGATION, S.A.,

                  Defendants.
-----------------------------------------------------------------X

07 CIV 8374

ECF CASE

Judge Berman

RECEIVED SEP 26 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, ROLLS-ROYCE MARINE (HELLAS) S.A., ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, CORINTHIAN MARITIME S.A., and NAUTILUS GLORY NAVIGATION, S.A, (collectively as "Defendants"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Pireaus, Greece.

3.    Defendant Corinthian Maritime S.A. was, and still is, a foreign company, organized and existing under foreign law with a principal place of business in Volua, Greece.

4.    Defendant Nautilus Glory Navigation S.A. was, and still is, a foreign company, organized and existing under foreign law with a principal place of business in Panama.

5.    At all material times Defendant Corinthian Maritime S.A. was the commercial manager of the M/T STREAM (hereinafter "the Vessel"), which Vessel was owned by Defendant Nautilus Glory Navigation S.A.

6. At all material times Plaintiff was in the business of *inter alia* inspecting and repairing vessel engines.

7. Following various contract negotiations between Plaintiff and Defendants, Plaintiff was contracted by Defendants to carry out repairs on the Vessel's engine. In furtherance of the parties' repair contract, Plaintiff dispatched a service engineer to Ankerlokken Shipyard in Bourgas, Bulgaria to inspect and repair the Vessel's engine. The repairs lasted from April 13, 2006 to May 4, 2006. Defendant Corinthian Maritime S.A. paid the amount of €3,000 on account on April 28, 2006.

8. Plaintiff sent its invoice for services preformed to Defendants on May 29, 2006. The €3,000 on account was deducted from the total bill of €21,026.09, which left €18,026.09 due. Despite due demand, and notwithstanding that Defendants have never contested the amount owed, Defendants have failed to pay the balance due to Plaintiff in the principal amount of €18,026.09.

9. Plaintiff has performed all of its obligations under the maritime contract.

10. Conversely, Defendants have breached the contract by failing to pay €18,026.09.

11. Pursuant to the contract's Terms and Conditions at Articles 16 and 17, the applicable law is the substantive law of the Contractor's country and all disputes will be resolved and settled by the Rules of Conciliation and Arbitration of the International Chamber of Commerce. Article 17 provides that it does not prevent the parties from requesting interim relief from any court. In this case, the Contractor is the Plaintiff, a Greek company, so the applicable law is Greek law. Plaintiff is currently preparing to bring legal proceedings against Defendants in Greece and such proceedings shall be initiated shortly.

12. Article 6, Paragraph 2 of the Terms and Conditions provides that the defaulting party shall pay interest at the rate of 12% per year.

13. Costs and attorneys' fees are routinely awarded to the prevailing party in arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendants:

| | | |
|---|---|---|
| A. | Outstanding principal owed by Defendants is €18,026.09: | $25,464 |
| B. | Interest at 12% from invoice date of May 29, 2006 through present: | $4,064 |
| C. | Pre-judgment interest at 12% for three years pending the resolution of Plaintiff's claim in Greece: | $10,630 |
| D. | Attorneys' fees, arbitrators' fees and costs: | $7,060 |
| **Total** | | **$47,218** |

14. Upon information and belief, Defendant Nautilus Glory Navigation S.A. uses Defendant Corinthian Maritime S.A. as a "paying agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts, or vice versa.

15. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

16. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration (if necessary) and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount of $47,218 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorneys' fees and costs of this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: September 26, 2007
New York, NY

        The Plaintiff,
        ROLLS-ROYCE MARINE (HELLAS) S.A

By: _____
    Kevin J. Lennon (KL 5072)
    Charles E. Murphy (CM 2125)
    LENNON, MURPHY & LENNON, LLC
    420 Lexington Ave., Suite 300
    New York, NY 10170
    (212) 490-6050 – phone
    (212) 490-6070 – fax
    kjl@lenmur.com
    cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York )
                     ) ss.: New York City
County of New York )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    September 26, 2007
             New York, NY

                                                    Kevin J. Lennon